IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TERRY HOLDEN                                                                                    PETITIONER
ADC #136271

V.                                    NO. 5:07cv00316 JMM-JWC

LARRY NORRIS, Director,                                                                  RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

   1.   Why the record made before the Magistrate Judge is inadequate.

   2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

Terry Holden, an Arkansas Department of Correction inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 2), along with a supplement (doc. 5).  Respondent concedes that Petitioner is in his custody but asserts that the petition should be denied for several reasons (doc. 12).  Petitioner replied by filing a motion to hold this proceeding in abeyance (doc. 18).  For the reasons that follow, the petition should be **denied**.

I.
Background

Following entry of a guilty plea in the Circuit Court of Sebastian County, Arkansas, Petitioner was convicted of possessing cocaine with intent to deliver and possessing drug paraphernalia, and he was sentenced to 120 months of imprisonment (doc. 12, att. 1).  He pleaded guilty to the offenses on May 31, 2006, and the judgment and commitment order was filed with the circuit court on June 2, 2006.  *See Bradford v. State*, 94 S.W.3d 904, 908-09 (Ark. 2003) (under state law, criminal judgment is effective when entered of record

by filing with court clerk).  By pleading guilty, Petitioner waived his right to a direct appeal under Arkansas law.  Ark. R. App. P.-Crim. 1(a) (2006).

On November 22, 2006, he filed in the state circuit court a "Belated Rule 26.1 16-111-112 Motion to With[draw] Guilty Plea in Compliance with A.R.C.P." (doc. 2, at 3, 25-28).  On November 27, 2006, the circuit court entered an order denying the motion as untimely, stating that judgment previously had been entered.  *State v. Holden*, No. CR 2005-1430 (Sebastian Co. Cir. Ct. Nov. 27, 2006) (doc. 2, at 29); *see* Ark. R. Crim. P. 26.1(a) (guilty plea may not be withdrawn under Rule 26.1 after entry of judgment).  On December 13, 2006, Petitioner filed a "Notice of Appeal and Designation of Records," attempting to appeal the denial of his Rule 26.1 motion (doc. 2, at 30-32).  Although the circuit court first entered an order treating this as a petition for post-conviction relief under Ark. R. Crim. P. 37, the court later set aside that order and allowed Petitioner to proceed with his appeal (doc. 2, at 33, 39).  There is no allegation or evidence in the record that Petitioner ever lodged the record or sought additional time to do so, thus failing to perfect his appeal in accordance with the applicable requirements.  *See* Ark. R. App. P.-Civ. 5(a) (lower court record must be docketed with appellate court clerk within ninety days of notice of appeal, unless time is extended); Ark. R. App. P. -Crim. 4(a).

On February 16, 2007, Petitioner filed a "Motion for Direct Verdict and Pre-Evidence Hearing" in the circuit court (doc. 2, at 4, 35-37), asserting that he received ineffective assistance of counsel in connection with entry of his guilty plea.  The circuit court treated this as a Rule 37 post-conviction petition and dismissed it, on February 22, 2007, because it was not properly verified.  *State v. Holden*, No. CR 2005-1430 (Sebastian Co. Cir. Ct. Feb. 22, 2007) (doc. 2, at 38).  There is no allegation or evidence of an appeal.

Petitioner now brings this federal habeas petition, advancing the following claims:

   1. His right to the effective assistance of counsel under the Sixth Amendment was violated when his attorney advised him to plead guilty to the charges at issue due to his prior convictions, even though the drugs and drug paraphernalia seized belonged to his mother; and

   2. His Fourteenth Amendment rights to equal protection and due process of law were violated because he is actually innocent of the drug offenses for which he was convicted.

Respondent asserts that the petition should be dismissed for three reasons: (1) as barred by the statute of limitations as set forth in 28 U.S.C. § 2244(d); (2) as procedurally defaulted because Petitioner failed to first properly present his claims to the state courts, *see Coleman v. Thompson*, 501 U.S. 722 (1991); and (3) as without merit under the standards for analyzing an ineffective-assistance claim, *see Hill v. Lockhart*, 474 U.S. 52 (1985); *Strickland v. Washington*, 466 U.S. 668 (1984).

Because the Court finds that this petition is time-barred, it is unnecessary to address Respondent's other two arguments for dismissal.

II.
Analysis

A state prisoner seeking to challenge his state court conviction in federal court must file a petition for federal habeas relief within one year after the state conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Here, Petitioner's guilty plea waived his right to direct review under Arkansas law, thereby making his judgment final at the time of entry, *i.e.* June 2, 2006. Filing deadlines fall on the anniversary date of the triggering event, and a deadline is advanced to the next business day if it falls on a weekend. *Wright v. Norris*, 299 F.3d 926, 927 n.2 (8th Cir. 2002). June 2, 2007, was a Saturday, so the last day for Petitioner to file a timely federal habeas petition was June 4, 2007.

Assuming Petitioner submitted this federal habeas petition to prison officials for mailing on the day he signed it, the petition was "filed" on December 17, 2007 (doc. 2, at 14), more than six months past the filing deadline. *See* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts (inmate filing is timely if deposited in the institution's internal mailing system on or before the last day for filing); *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (timeliness of federal habeas petition measured from date delivered to prison authorities for mailing to court clerk).[1]

Section 2244(d)(1) contains three provisions which will delay the date on which the statute of limitations begins running, none of which Petitioner invokes. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Specifically, there is no allegation or evidence of any state-created impediment which has prevented him from seeking federal habeas relief since his conviction under subsection (d)(1)(B), he does not identify any United States Supreme Court announcing a newly recognized constitutional right under subsection (d)(1)(C), and he does not allege any factual predicates which could not have been discovered earlier under subsection (d)(1)(D). Furthermore, the constitutional rights at issue are well-established. *See Strickland*, *supra* (criminal defendant's right to effective assistance of counsel); *Hill*, *supra* (counsel's ineffectiveness in connection with guilty plea); *In re Winship*, 397 U.S. 358 (1970) (due process clause prohibits conviction except upon proof beyond reasonable doubt of each element of charged crime). Any suggestion that the underlying facts or legal arguments were unavailable earlier is belied by Petitioner's state

---

[1] The Court has made this assumption even though Petitioner failed to fill in the date on the Rule 3(d) declaration portion of his petition. *See* Rule 3(d) ("Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.").

court proceedings, where he raised claims similar to those now presented here. (*See* doc. 2, at 25-28, 35-37.)

The time during which a properly filed application for state post-conviction relief is pending is not counted toward the one-year limitations period. 28 U.S.C. § 2244(d)(2). A state post-conviction application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). When a state post-conviction petition is untimely under the applicable state provisions, "that [is] the end of the matter" for purposes of determining whether it was properly filed under § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

Although Petitioner filed two post-conviction motions, neither constituted a "properly filed" state post-conviction petition; therefore, neither had any tolling effect. Under Ark. R. Crim. P. 26.1, a criminal defendant has the right to file a motion to withdraw a guilty plea "to correct a manifest injustice," so long as he does so before sentencing or entry of his judgment of conviction. *See Webb v. State*, 223 S.W.3d 796, 798 (Ark. 2006). After entry of judgment, a defendant must file a petition for post-conviction relief pursuant to Ark. R. Crim. P. 37, which, for a conviction obtained on a guilty plea, must be filed within ninety days of entry of the judgment of conviction. Ark. R. Crim. P. 37.1(a), 37.2(b) & (c). An untimely Rule 26.1 motion to withdraw will be treated as having been made pursuant to Rule 37. *Mims v. State*, 199 S.W.3d 681, 682 (Ark. 2004). Regardless of the label placed on it by a petitioner, a post-conviction petition raising claims cognizable under Rule 37 is considered by the state courts as having been brought pursuant to Rule 37 and is subject to the rule's prescribed time limitations. *Bailey v. State*, 848 S.W.2d 391, 392 (Ark. 1993);

*Walker v. State*, 676 S.W.2d 460, 461 (Ark. 1984). Rule 37's time limitations are jurisdictional, and relief cannot be granted on an untimely petition for post-conviction relief. *Mims*, 199 SW.3d at 681.

Here, Petitioner filed an untimely Rule 26.1 motion to withdraw his guilty plea. Although the circuit court did not construe it as a Rule 37 motion, it was untimely even under Rule 37's ninety-day deadline. Moreover, even though the circuit court dismissed his February 16 motion "for direct verdict" as not being properly verified, it also was untimely under Rule 37's jurisdictional provisions. *See Evans v. Chavis*, 546 U.S. 189, 198 (2006) (federal habeas court must independently examine the timeliness issue). Even if the petition had been timely, Petitioner's failure to verify it also rendered it not "properly filed" for purposes of tolling the federal statute of limitations under § 2244(d)(2). *See Walker v. Norris*, 436 F.3d 1026, 1030-32 (8th Cir. 2006) (Rule 37 petition which failed to comply with verification requirement not properly filed for tolling purposes).

Therefore, neither of Petitioner's post-conviction motions had any tolling effect, and the limitations period ran continuously from the date of entry of his guilty plea, expiring on June 4, 2007. As explanation for filing his petition outside the one-year limitations period, Petitioner states that his constitutional rights were violated, resulting in convictions of which he is actually innocent (doc. 2, at 13).

Section 2244(d)'s one-year provision is a true statute of limitations, rather than a jurisdictional bar, and is thus subject to equitable tolling in addition to the mechanisms specified by statute. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). A habeas petitioner seeking to equitably toll the federal limitations period bears the burden of establishing (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing of his federal

habeas petition. *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (assuming without deciding that § 2244(d) allows for equitable tolling). It is clear in the Eighth Circuit that a claim of actual innocence, standing alone, is insufficient to justify equitably tolling:

> We do not hold that actual innocence can never be relevant to a claim that the habeas statute of limitations should be equitably tolled. For such a claim to be viable, though, a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations.

*Flanders v. Graves*, 299 F.3d 974, 978 (8th Cir. 2002).

Petitioner has not alleged – much less established – the existence of any action or inaction by the state or any state actor that prevented him, in the exercise of reasonable diligence, from raising his current specific factual and legal arguments in a timely federal habeas petition. Absent obstructive state action, an actual-innocence claim simply cannot, under the current state of the law in the Eighth Circuit, entitle a petitioner to equitable tolling. *Id.* at 977-78; *see also Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003) (no equitable tolling where habeas petitioner alleged no state conduct that lulled her into inaction and she knew the factual basis for her actual-innocence claims at time of her conviction but sought no judicial review for fifteen years); *Freeman v. Norris*, 58 Fed. Appx. 667, 668 (8th Cir. 2003) (unpub.) ("Given Freeman's failure to show wrongdoing by the State prevented him from bringing a timely [habeas] petition, his reliance on actual innocence to invoke equitable tolling is misplaced.").

Where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is inapplicable because Congress is presumed to have considered such equities in enacting the limitations period and the enumerated statutory provisions. *Jihad v. Hvass*, 267 F.3d 803, 806-07 (8th Cir. 2001).

Equitable tolling affords "an exceedingly narrow window of relief", and is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008). It is not justified by a petitioner's pro se status, lack of legal knowledge or legal resources, any confusion about or miscalculations of the federal limitations period, or the failure to recognize the legal ramifications of actions taken in state post-conviction proceedings. *See, e.g., Lawrence*, 127 S. Ct. at 1085-86 (no equitable tolling due to legal confusion about whether limitations period tolled by certiorari petitions, counsel's miscalculation, or petitioner's alleged mental incapacity); *Pace*, 544 U.S. at 418-19 (no tolling due to "trap" created by post-conviction laws, where petitioner did not diligently seek state and federal relief); *Runyan*, 521 F.3d at 945-46 & n.4 (petitioner's failure to properly verify state post-conviction application and include requisite filing fee, and failure to protect himself by filing protective federal habeas petition); *Finch v. Miller*, 491 F.3d 424, 427-28 (8th Cir. 2007) (petitioner's filing of three improper state post-conviction applications); *Jackson v. Ault*, 452 F.3d 734, 736-37 (8th Cir. 2006) (petitioner's attempt to obtain state post-conviction counsel), *cert. denied*, 127 S. Ct. 946 (2007); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004) (petitioner's misunderstanding of state post-conviction procedures); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1016 (8th Cir. 2003) (petitioner's lack of understanding of the law); *Baker*, 321 F.3d at 771-72 (incarcerated petitioner's limited law library access and alleged lack of notice of the statute of limitations).

As illustrated by the cases cited above, any obstacles faced by Petitioner were certainly not extraordinary when measured according to those encountered by a typical prisoner who prosecutes a pro se federal habeas petition. Therefore, there were no

"extraordinary circumstances" making it impossible for him to file a timely federal habeas petition and he is not entitled to equitable tolling.

In summary, this petition was filed outside the limitations period provided in § 2244(d)(1), and Petitioner has not demonstrated that the limitations period should be tolled or extended under any statutory provision or equitable principles. It should be denied as untimely.

The Court should also deny Petitioner's motion to hold this action in abeyance while he pursues further relief in state court. As stated, this habeas petition was untimely when filed. The one-year limit for a federal habeas filing cannot be tolled after it has expired. *Jackson*, 452 F.3d at 735-36. Therefore, any current efforts made by Petitioner in state court could have no effect on the timeliness of this petition. *See id.*; *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003).

### III.
### Conclusion

This 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 2) should be **denied** and this action should be dismissed in its entirety with prejudice. Petitioner's motion to hold the petition in abeyance (doc. 18) also should be **denied**.

DATED this 11th day of December, 2008.

_____
UNITED STATES MAGISTRATE JUDGE